1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7

8                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   LUIS AGUAYO,                              No.  C 10-01178 JSW

10          Plaintiff,                        **ORDER SETTING BRIEFING
                                              SCHEDULE AND ORDER TO
11    v.                                      SHOW CAUSE RE
                                              JURISDICTION AND SETTING
12   WACHOVIA, et al.,                        HEARING ON EX PARTE
                                              APPLICATION FOR
13          Defendants.                       TEMPORARY RESTRAINING
                                              ORDER**

14

15   _____/

16          On March 12, 2010, Plaintiff filed a complaint in the Superior Court of the State of

17   California for the County of Contra Costa.  On that March 22, 2010, Plaintiff filed an *Ex Parte*

18   Application for a Temporary Restraining Order in the state court.  On that same date, Defendant

19   Wachovia Mortgage removed the action to this Court.  Plaintiff re-filed an *ex parte* application

20   for a temporary restraining order in this Court.  According to Plaintiff's application a trustee

21   sale is scheduled to go forward on March 24, 2010, although Plaintiff does not set forth the time

22   at which the sale is scheduled to occur.

23          Having reviewed Plaintiff's application and giving the impending sale, the Court

24   concludes a response from the Defendants is warranted.  However, in their response,

25   Defendants are ORDERED TO SHOW CAUSE as to why this Court has jurisdiction to

26   consider the matter. Although Defendants removed the action on the basis of federal question

27   jurisdiction, they premise their argument on a statement in Plaintiff's application to the state

28   court that "Plaintiff's Complaint seeks rescission of the mortgage under the Truth in Lending

     Act."  (*See* Notice of

**United States District Court**
For the Northern District of California

1    Removal, Ex. B (Application for Temporary Restraining Order at 2:11-12).)

2        However, upon review of both Plaintiff's application to the state court and to this Court,

3    Plaintiff's request contains language referring to a different case with different defendants.

4    (*See, e.g.,* Docket No. 14 (Application for Temporary Restraining Order at 7:3-25).)  Moreover,

5    although Plaintiff's Complaint refers throughout to a Truth in Lending Good Faith Estimate,

6    Plaintiff asserts only state law claims and his claim for violations of Section 17200 does not

7    appear to rely on violations of federal law.

8        "The presence or absence of federal-question jurisdiction is governed by the 'well-

9    pleaded complaint rule.'"  *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987).  The well-

10   pleaded complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or

11   she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  Thus, under the

12   well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint

13   establishes either that federal law creates the cause of action or that the plaintiff's right to relief

14   necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd.*,

15   463 U.S. 1, 27-28 (1983).  Accordingly, in their opposition brief to the ex parte application,

16   Defendants shall address the issue of why resolution of Plaintiff's claims necessarily depends

17   on resolution of a substantial question of federal law and why this matter should not be

18   remanded forthwith to the state court.

19       Defendants' opposition to the application for a temporary restraining shall be filed and

20   served by no later than 12:30 p.m. on March 23, 2010.  The Court shall hold a hearing on the

21   Plaintiff's application at 3:00 p.m. on March 23, 2010.  That hearing shall be vacated if the

22   Court determines it lacks jurisdiction over this matter.

23       **IT IS SO ORDERED.**

24

25   Dated: March 23, 2010

26                                              JEFFREY S. WHITE
                                               UNITED STATES DISTRICT JUDGE

27

28

**United States District Court**
For the Northern District of California

2