**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS AGUAYO, | No. C 10-01178 JSW |
| Plaintiff, | **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| WACHOVIA, et al., | |
| Defendants. | |

Now before the Court for consideration is the *Ex Parte* Application for a Temporary Restraining Order filed by Plaintiff, Luis Aguayo ("Plaintiff"), and the Order to Show Cause issued to Defendants regarding the issue of subject matter jurisdiction. Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY REMANDS this action to the Superior Court of the State of California for Contra Costa County.

**BACKGROUND**

In his Complaint, Plaintiff alleges that, on or about August 30, 2005, he was approached by Defendant Jose Sanabria, who was employed by Defendant Eagle Home Mortgage of California, and solicited to refinance his residence, 10 Amador Avenue, Oakley, California (the "Property"). (Notice of Removal, Ex. A (Compl. ¶ 32).) Plaintiff alleges that Sanabria and Eagle made false representations pertaining to the terms of the loan. Plaintiff also alleges certain legal improprieties in connection with the origination of that loan, which he signed on or

1 about November 30, 2005. (*See generally* Compl. ¶¶ 32-45.) Defendant Wachovia Mortgage,
2 then known as World Savings Bank, FSB, was Plaintiff's lender.[1]

3 At some unspecified point in time, Plaintiff defaulted on the loan. On July 7, 2009,
4 defendant Cal-Western Reconveyance Corporation filed and recorded a Notice of Default.[2] On
5 or about October 8, 2009, Cal-Western noticed a Trustee Sale on the Property. (*Id.* ¶¶ 53-54.)
6 Plaintiff alleges that the Defendants are not entitled to enforce the security interest in the
7 Promissory Note or Deed of Trust relating to the Property. (*See id.* ¶¶ 23-26, 46-49, 57.)

8 On March 12, 2010, Plaintiff filed his complaint in the Superior Court of the State of
9 California for the County of Contra Costa (the "Superior Court"), asserting the following claims
10 for relief: (1) Fraud; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith
11 and Fair Dealing; (4) violations of California's Rosenthal Fair Debt Collection Act, California
12 Civil Code §§ 1788 *et seq.*; (5) Negligence; (6) Breach of Fiduciary Duty; (7) violations of
13 California Business and Professions Code §§ 17200, *et seq.*; (8) violations of California Civil
14 Code § 2923.5; (9) Quiet Title; and (10) violations of California Civil Code § 1632.

15 On March 22, 2010, Plaintiff filed an *ex parte* application for a temporary restraining
16 order in the Superior Court seeking to prevent a Trustee Sale that originally was scheduled for
17 March 24, 2010. On that same date, Wachovia removed to this Court on the basis of federal
18 question jurisdiction. Plaintiff renewed his application for a temporary restraining order before
19 this Court.[3] At the hearing held on March 23, 2010, Wachovia advised the Court that the
20 Trustees Sale has been postponed until March 30, 2010.
21 //

---

[1] Defendant Wachovia Mortgage is a division of Wells Fargo Bank, N.A, formerly, which was formerly known as Wachovia Mortgage FSB, which in turn was formerly known as World Savings Bank, FSB. The Court refers throughout this Order to this Defendant as "Wachovia."

[2] Sanabria, Eagle and Cal-Western have not yet appeared in this action.

[3] In his application to the Superior Court and in his original application to this Court, Plaintiff referred to entities who were not named as defendants in this action, which the Court noted in its Order setting a briefing schedule and hearing. On March 23, 2010, Plaintiff filed an amended application for a Temporary Restraining Order, which appears to have been filed in response to the briefing order.

2

## ANALYSIS

**A.     The Court Lacks Subject Matter Jurisdiction Over this Action.**

In its Notice of Removal, Wachovia asserts that this Court has subject matter jurisdiction over the matter on the basis that Plaintiff's claims arise under the laws of the United States. To support that assertion, Wachovia refers to portions of Plaintiff's complaint referencing Truth in Lending Good Faith Estimates and failure to provide disclosures required by the Truth in Lending Act ("TILA"). Wachovia also relied on a statement in Plaintiff's application submitted to the Superior Court, in which he stated that his Complaint sought rescission of the mortgage under TILA. (Notice of Removal ¶¶ 1, 3-4.) Thus, according to Wachovia, Plaintiff "'as the master of his complaint,' ... made a voluntary choice to include references to alleged TILA violations." (*Id.* ¶ 5.)[4]

The Court was not persuaded by the arguments set forth in the Notice of Removal and, accordingly, in its Order setting a briefing schedule on Plaintiff's application, expressly Ordered Defendants to show cause as to why the Court has subject matter jurisdiction over this action. In contravention of the Court's Order, Wachovia failed to address the issue in its opposition brief. It did, however, renew the arguments raised in its Notice of Removal at the hearing. For the reasons set forth herein, the Court concludes that Wachovia has failed to establish that the Court has subject matter jurisdiction over this action.

Under the removal statute, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the

---

[4]     The Court is troubled by the fact that Wachovia waited until *after* Plaintiff filed his application for a temporary restraining order to remove, when the allegations supporting Wachovia's argument in support of removal were set forth in the Complaint, which was filed on March 12.

3

party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims," as Plaintiff has done in this case. *Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Caterpillar*, 482 U.S. at 392. Under the "artful pleading rule," however, "'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *Id.* at 1114 (quoting *Franchise Tax Bd.*, 463 U.S. at 22). Thus, a claim created by state law "can be deemed to arise under federal law ... where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.*; *Franchise Tax Bd.*, 463 U.S. at 27-28.

The Supreme Court has explained that in order to determine whether a Plaintiff's right to relief depends upon the resolution of a substantial, disputed federal question, a court must determine: (1) whether the state law claim necessarily raises a stated federal issue; (2) whether the issue is actually disputed and substantial; and (3) whether the federal court can exercise jurisdiction without "disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314 (2005).

Here, although Plaintiff has not included any federal claims in his Complaint, Wachovia contends that Plaintiff's claims "arise under" federal law, because they refer to the Truth in Lending Act ("TILA"). At the hearing, Wachovia noted that it relied primarily on Plaintiff's breach of contract claim in support of this argument, and it argued that resolution of that claim will require the Court to determine whether Wachovia or the other defendants violated TILA. The Court disagrees.

In *Grable*, the IRS, pursuant to a tax delinquency, seized real property that belonged to plaintiff and subsequently sold the property to the defendant. The plaintiff brought an action for quiet title and asserted that the IRS had not properly complied with statutory notice requirements. The defendant subsequently removed on the basis that the plaintiff's claim "depended upon the interpretation of the notice statute in the federal tax law." *Grable*, 545 U.S. at 311. The Supreme Court concluded that the federal court had jurisdiction over the claim because plaintiff premised his superior title, an essential element of his claim, on the IRS' failure to properly provide notice. The Court therefore concluded that "the meaning of the federal statute is actually in dispute" and "appears to be the only legal or factual issue contested in the case." *Id.* The Court also found that there was "direct interest in the availability of a federal forum to vindicate its own administrative action," and that it would be the "rare state title case that raises a contested matter of federal law," so that exercising jurisdiction over the claim would not upset the balance between federal and state judicial responsibilities. *Id.* at 314-15.

Here, although Plaintiff makes references to TILA in his breach of contract claim, and throughout the Complaint, he does not rely solely on conduct that may, or may not, have violated TILA to support this claim. Similarly, it is not evident that his claim to rescind the loan agreement is premised on TILA, rather than under general provisions of California law. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Accordingly, notwithstanding Plaintiff's references to TILA, the Court cannot say that the breach of contract claim can be resolved only by interpreting or applying TILA. *See, e.g., Reynoso v. Paul Financial, LLC*, 2010 WL 816821 at *2-*3 (N.D. Cal. Mar. 9, 2010) (remanding where although plaintiff's complaint made references to documents related to TILA, plaintiff did not premise any cause of action on TILA's legal requirements); *French v. Greenpoint Mort. Funding, Inc.*, 2010 WL 668037 at *4-*5 (N.D. Cal. Feb. 19, 2010)

5

(concluding plaintiff's complaint did not raise substantial and disputed question of federal law, notwithstanding allegations in complaint relating to misleading TILA disclosures); *Ortega v. HomeEq Servicing*, 2010 WL 383368 at \*6-\*7 (C.D. Cal. Jan. 25, 2010) (finding defendant failed to establish that plaintiff's claims necessarily depended on TILA violations and remanding).

Wachovia has not specifically addressed the standard set by the Supreme Court in *Grable* and, thus, has not addressed the issue of whether exercising jurisdiction over this matter would upset the balance between federal and state judicial responsibilities. Federal courts do not have exclusive jurisdiction over TILA claims. 15 U.S.C. § 1640(e). That fact leads this Court to conclude that, given the lack of a substantial, disputed federal issue, exercising jurisdiction in this case would in fact upset that balance.

## CONCLUSION

For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction over this action and REMANDS this matter to the Superior Court of the State of California for Contra Costa County. The Clerk is directed to remand this action forthwith.

**IT IS SO ORDERED.**

Dated: March 24, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE